```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

PRECIOUS BARLOW, A/K/A ANTHONY
BARLOW, 19A0232                              MEMORANDUM AND ORDER
                                             19-CV-6786 (KAM)(JO)
                Plaintiff,

     -against-


MAYOR OF NEW YORK CITY, COMMISSIONER
OF NYC DEPARTMENT OF CORRECTIONS,
WARDEN WALKER, NORTH INFIRMARY
COMMAND MESS HALL CAPTAIN,
CORRECTION OFFICER LEE, CORRECTION
OFFICER GORDON, CORRECTION OFFICER
MONTANEZ, all defendants sued
individually and in their official
capacities,

                Defendants.

-------------------------------------X
```

**MATSUMOTO, United States District Judge**:

On November 19, 2019, Precious Barlow, also known as Anthony Barlow ("plaintiff"), a transgender female inmate incarcerated at Marcy Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 for the deprivation of her[1] constitutional rights. (*See* ECF No. 1, Complaint ("Compl.") at ¶ 20.) Plaintiff alleges that, in 2018, while she was detained in the North Infirmary Command ("NIC") at Rikers

---

[1] The Court will apply plaintiff's preferred pronouns she/her. (Compl. ¶ 26.)

1

Island, defendants denied her a prison job because she is a transgender individual.  (Compl. at ¶ 21.)

Pending before the Court is a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) by Defendants Warden Sharlisa Walker, Captain Patricia Rakestraw, Correction Officer Ivan Montanez, Correction Officer Robert Lee, and Correction Officer Debora Greso-Gordon (the "defendants").[2]  Defendants seek a motion for judgment on the pleadings in light of plaintiff's failure to exhaust her administrative remedies, and the absence of an alleged physical injury[3] as required by the Prison Litigation Reform Act ("PLRA") of 1995.  (See generally ECF No. 46, Memorandum of Law in Support of Motion.)  For the reasons set forth below, plaintiff's complaint is dismissed.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are discussed in detail in the Court's January 21, 2020 Memorandum and Order, and the facts are hereby incorporated by reference.  Plaintiff commenced this action *pro se* on November 19, 2019, against Bill DeBlasio, Mayor of New York City, the Commissioner of New York City Department of

---

[2] On January 21, 2020, this Court dismissed plaintiff's Complaint as to defendants the Mayor of New York City and the Commission of the New York City Department of Correction and dismissed plaintiff's claim under the Americans with Disabilities Act.  (ECF No. 5, Memorandum & Order at 6; 8-10.)
[3] Because Plaintiff failed to exhaust her administrative remedies, this Court will not address the physical injury element required by the PLRA.

2

Corrections, Warden Walker, Correction Officer Lee, Correction Officer Montenez, and the North Infirmary Command Mess Hall Captain, John or Jane Doe. (*See* Compl.) The complaint alleges that defendants denied plaintiff a prison job because plaintiff is transgender, in violation the Equal Protection Clause of the Fourteenth Amendment. (*Id*.) On January 17, 2020, the Court granted plaintiff's motion to proceed *in forma pauperis,* directed the Corporation Counsel of the City of New York to ascertain the full name and service address of defendant "NIC Mess Hall Captain," and dismissed defendants the Mayor of New York and the Commissioner of New York City Department of Correction from the case. (ECF No. 5, Memorandum and Order at 11-12.)

Responding to the Court's Order to identify the "John or Jane Doe" defendant (*id*.), Assistant Corporation Counsel identified Captain Patricia Rakestraw as John or Jane Doe. (ECF No. 25, Defs.' Letter, dated June 8, 2020.) Captain Rakestraw, Correction Officer Robert Lee, and Correction Officer Debora Greso-Gordon were then added as defendants in this action, and Correction Officers Darnell Lee and Jevina Gordon were voluntarily dismissed as improperly named. (ECF No. 40, Stipulation, dated Aug. 19, 2020.)

Defendants Montanez and Walker filed their answer on July 1, 2020, denying plaintiff's allegations and asserting

3

affirmative defenses. (*See generally*, ECF No. 29, Montenez, Walker Answer.) Defendants Rakestraw, Gordon, and Lee filed their answer on July 17, 2020 similarly denying plaintiff's allegations and asserting affirmative defenses. (*See generally*, ECF No. 33, Gordon, Lee, Rakestraw Answer.) The defendants attached two declarations and three exhibits to their answer. (ECF Nos. 33-1, 33-2, 33-3, 33-4, 33-5.)

At a pre-motion conference, on August 27, 2020, the Court issued a Scheduling Order for defendants' anticipated motion for judgment on the pleadings. (Dkt. Order, dated August 29, 2020.) The defendants served the instant motion on plaintiff on October 2, 2020. (*See* ECF No. 49, Aff. of Service.) On November 16, 2020 defendants filed a letter asserting plaintiff did not serve her opposition papers and requesting that their motion be granted as unopposed. (*See* ECF No. 50.) After the Court granted plaintiff time until June 2, 2021 to file an opposition, defendants informed the Court by letter on June 28, 2021, that plaintiff had mailed opposition papers to counsel's office on or about December 3, 2020. (ECF No. 53, Defendant's Reply Letter ("Defs.' Reply") at 1-2.) Plaintiff's opposition papers were filed on the docket with defendant's June 28, 2021 letter as Exhibit 1. (*See* ECF No. 53-1, Plaintiff's Opposition ("Pl. Opp'n.").) In lieu of a reply memorandum in support of their 12(c) motion, defendants

4

submitted arguments via their June 28 letter.  (*See* Defs.' Reply at 2-4.)

## LEGAL STANDARD

### I.     Rule 12 (c) Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (*See generally* ECF No. 46, Defendants' Memorandum ("Defs.' Mem.").) "Rule 12(c) of the Federal Rules of Civil Procedure 'permits the entry of judgment as a matter of law on the basis of the pleadings alone.'"  *Oneida Indian Nation v. Phillips*, 397 F. Supp. 3d 223, 229 (N.D.N.Y. 2019), *aff'd*, 981 F.3d 157 (2d Cir. 2020), *cert. denied*, No. 20-1675, 2021 WL 2637993 (U.S. June 28, 2021) (quoting *Barber v. RLI Ins. Co.*, 06-cv-0630 (FJS)(RFT), 2008 WL 5423106, at *2 (N.D.N.Y. Dec. 24, 2008)).  "On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  *Alina Flatscher v. Manhattan School of Music*, No. 20-cv-4496 (KPF), 2021 WL 3077500 (S.D.N.Y. July 20, 2021) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *see also Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) ("Because this matter comes to us on appeal from a judgment on the pleadings, we rely on the complaint, the answer, any written documents attached to them, and any matter of which

5

the court can take judicial notice for the factual background of the case.") For all purposes, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading." Fed. R. Civ. P. 10(c). If a court considers any matters "outside the pleadings" presented by the parties, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Doe v. New York Univ.*, No. 20-cv-01343 (GHW), 2021 WL 1226384, at *9 (S.D.N.Y. Mar. 31, 2021).

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim," *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Thus, the court "accept[s] the non-moving party's allegations as true and view[s] the facts in the light most favorable to that party," granting judgment on the pleadings "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163 (S.D.N.Y. 1999) (quoting *Burns Int'l Sec. Servs., Inc. v. International Union*, 47 F.3d 14, 16 (2d Cir.1995) (per curiam)).

As plaintiff is *pro se*, the Court must construe her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-

6

representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Generally, a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Even a *pro se* complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   II.  **The Prison Litigation Reform Act**

      a. **Exhaustion Requirement**

      Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

7

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (per curiam) (alteration in original) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

The Supreme Court has clarified, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory" and that the PLRA "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). Proper exhaustion necessitates that "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted); *see also Johnson*, 680 F.3d at 238. By simply notifying "prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Johnson*, 680 F.3d 234, 239 ("generalized complaints regarding the conditions of an inmate's confinement" will not suffice to satisfy the PLRA's exhaustion requirement.) "Thus, if a plaintiff does not comply with available

8

administrative procedures to file a formal grievance alleging that a correctional officer failed to protect him from assault by fellow inmates, the plaintiff has failed to exhaust administrative remedies and is barred by the PLRA from suing under § 1983." *Jhagroo v. Carty*, 2019 WL 1922287, at *1 (E.D.N.Y. Apr. 29, 2019).

## DISCUSSION

### I. Inmate Grievance and Request Program ("IGRP")

The relevant grievance process at NIC is described in The City of New York Department of Correction Directive regarding Inmate Grievance Procedures.[4]  *See* Directive, No. 3376R-A, (Sept. 10, 2012) https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf.  Under the procedures, inmates may file a grievance using Form 7101R (*id*. at V(F)), request a formal hearing before the Inmate Grievance Resolution Committee (*id*. at IV(G)(5)(b)), and appeal to the Commanding Officer (*id*. at VII), Division Chief (*id*. at VIII), and Central Office Review Committee (*id*. at IX).

---

[4] Because the procedures are a matter of public record, the Court takes judicial notice of them.  *See Adorno v. Semple*, No. 16-cv-325 (MPS), 2016 WL 7469709 at *6 (D. Conn. Dec. 28, 2016) (taking judicial notice of Department of Correction Administrative Directive 9.3 regarding screening of newly admitted inmates); *Cameron v. Menard*, No. 16-cv-71 (GWC)(JMC), 2016 WL 5017390, at *3 n.1 (D. Vt. Aug. 24, 2016), *report and recommendation adopted*, No. 16-cv-71, 2016 WL 4995063 (D. Vt. Sept. 19, 2016) (taking judicial notice of Vermont Department of Corrections Offender Grievance System for Field and Facilities) (citing *Christman v. Skinner*, 468 F.2d 723, 726 (2d Cir. 1972)).

9

Pursuant to Directive 3376, within ten business days from the date alleged condition or issue took place, Plaintiff was required to complete an IGRP Statement Form (Form 7101R), wherein she could describe her complaint. *See* Directive 3376 § IV(D)(1). Plaintiff complied with this step and submitted Form 7101R on the date of the incident. (ECF No. 33-2, IGRP Statement Form). A staff member documented its investigation using Form 7115R and informed Plaintiff that "work assignment is not mandated for detainees but a privilege." (ECF No. 33-3, Grievance and Request Investigation Form.) In accordance with Directive 3376 § IV(G)(a), which details that "if the inmate is satisfied with the resolution that the IGRP staff proposes, the inmate shall indicate that he/she has accepted the resolution and sign," Ms. Barlow signed the form, and with a check mark indicated, "Yes, I accept the resolution." (ECF No. 33-4, Disposition Form.)

If Plaintiff was dissatisfied with the IGRP staff's resolution of her grievance, she was entitled to request a formal hearing before the Inmate Grievance Resolution Committee. *See* Directive 3376 § IV(G)(5)(b). Following that hearing, Plaintiff could have appealed her grievance to the commanding officer at the NIC. *See id*. § IV(I). Finally, if Plaintiff was dissatisfied with the decision of the commanding officer, she could have submitted an appeal to the Central Office Review

Committee, which operates with the advice and review of the New York City Board of Correction. *See id*. § (IV)(J); *see also Leneau v. City of New York*, No. 16-CV-893 (RA), 2018 WL 583120, at *2 (S.D.N.Y. Jan. 26, 2018). The PLRA requires Plaintiff to exhaust *all* of these available procedures before filing a federal lawsuit under § 1983. *See Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).

Plaintiff alleges that she appealed the grievance to Defendant Walker after receiving and signing her Disposition Form, and followed up with a letter regarding her complaint and appeal. (*Id*. at ¶¶ 14, 17; Pl. Reply at 3-4.) Plaintiff does not assert that she complied with the required next step in accordance with NIC's grievance procedures, by requesting a formal hearing before the Inmate Grievance Resolution Committee.

"The PLRA requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) (*quoting Woodford v. Ngo*, 548 U.S. 81 at 90 (2006)). "Proper exhaustion" under the PLRA "demands compliance with [that] agency's deadlines and other critical procedural rules." *Ruggiero*, 467 F.3d at 176 (*quoting Woodford*, 548 U.S. at 90, 126.)

11

Plaintiff here failed to properly exhaust all steps in accordance with NIC's grievance procedures. Instead of appealing directly to Defendant Walker, she should have requested a formal hearing before the Inmate Grievance Resolution Committee. Thus, her complaint must be dismissed for failure to properly exhaust her administrative remedies. *See Morrison v. Stefaniak*, 523 Fed. Appx. 51, 52 (2d Cir. 2013) (upholding dismissal because plaintiff failed to appeal the Inmate Grievance Resolution Committee's decision).

## II. Availability of the Inmate Grievance and Request Program

Plaintiff further alleges that she "followed all procedure of the facility grievance system" and that "Walker did not respond to her grievance," making the grievance system "not available." (ECF No. 53-1, Plaintiff's Memorandum of Law in Opposition at 3-4.) "Under § 1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable when: "(1) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) the scheme is so opaque that it becomes, practically speaking, incapable of use, meaning that some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it; or (3) when prison administrators thwart inmates from taking advantage of a

12

grievance process through machination, misrepresentation, or intimidation." *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (quoting *Ross*, 136 S. Ct. at 1856) (internal quotation marks omitted).

Plaintiff alleges no facts to support her contention that the grievance system was "not available." Instead of invoking the next grievance step of requesting a hearing before the Inmate Grievance Resolution Committee, she alleges that she appealed to Defendant Walker who did not respond. "Failure to respond to some of [Barlow's] grievances did not render the IGRP administrative procedure unavailable. *Taylor v. New York City Dep't of Corr.*, 849 F. App'x 5, 8 (2d Cir. 2021). "The IGRP contemplates that prison officials might not always respond to inmates' grievances. It sets forth the procedure to follow in such circumstances." *Id.* Plaintiff did not follow the required steps to exhaust her administrative remedies, including appealing to the Inmate Grievance Resolution Committee, and, consequently, this Court cannot make a merits determination. The pleadings establish that Plaintiff did not exhaust her administrative remedies and, thus, any amendment of the complaint would be futile.

## CONCLUSION

For the reasons stated, plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. §

13

1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case. Defendant shall serve a copy of this Memorandum & Order and the judgment on plaintiff and file a Certificate of Service on the Electronic Case Filing System by no later than **Monday, August 30, 2021. SO ORDERED.**

Dated: August 26, 2021
      Brooklyn, New York

                                                /s/
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York